Clarence W. SMITH, Appellant,

v.

Bruce HOBLITIZELL, Appellee.

Court of Appeals of Kentucky.

Aug. 28, 1957.

Wilson K. Beatty, Louisville, for appellant.

A. Scott Hamilton, Commonwealth's Atty., Lousiville, Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appeal is from a judgment, rendered on the pleadings, denying the appellant, Clarence W. Smith, release from jail on a writ of habeas corpus.

The petition states that on May 22, 1957, the petitioner was convicted in the police court of Louisville of disorderly conduct and his penalty fixed at fifty days in jail and a fine of $100, with the added provision that he should execute bond in the sum of $1,000 that he would be of good behavior for one year; that his commitment to jail provided by a special endorsement thereon that he should be held a period of ninety days should he fail to give such security. The petition alleged the petitioner has served the jail sentence and paid his fine, and that since then he has been confined an additional thirty days. The petitioner charges that he is being unlawfully held in jail and is entitled to be released as a matter of right.

The sheriff, in his capacity of jailer, answered that he was holding the prisoner under a judgment of the police court for a violation of General Ordinance 85-8 of the City of Louisville, covering the offense of disorderly conduct. The answer recites that an attested copy of the judgment and of the commitment were being filed. No copy of the judgment is in the original record, which has been filed in this court on the appeal.

The commitment is a printed form with the particulars typed in. It recites the defendant's conviction as above stated and adds the provision that the prisoner should be retained "for a period of twelve months unless he shall in the meantime execute bond in the sum of $1,000 with good security to the Commonwealth of Kentucky, to keep the peace and be of good behavior for the said term of twelve months, as required by said judgment." But there is stamped on the commitment, above the printed name of the clerk of the police court, this endorsement: "For failure to execute foresaid Real Estate Bond, the defendant shall be held not to exceed (Three Months) or ninety days, omitting fine or other penalties."

There is an irreconcilable conflict between the two provisions of the commitment. The conflict cannot be resolved without an examination of the judgment upon which the commitment issued. The burden is upon the appellant to show that the judgment of the circuit court is erroneous. In the absence from the record of an authenticated copy of the judgment of the police court, we must assume that the judgment of the circuit court is proper.

The judgment is, therefore, affirmed.