Francis T. ALKOFER, etc., Appellant,

v.

Charles K. MAHAFFEY et al., Appellees.

Court of Appeals of Kentucky.

Dec. 11, 1964.

P. Joseph Clarke, Jr., Danville, for appellant.

James G. Sheehan, Jr., Danville, for appellees.

MONTGOMERY, Judge.

Francis T. Alkofer filed a petition for a writ of habeas corpus against Charles K. Mahaffey and Ethel, his wife, in which it was charged that the Mahaffeys were wrongfully restraining Misao Naruki Alkofer, petitioner's wife. Ethel Mahaffey was served but no service was had on her husband. Following a hearing, petitioner was denied relief.

For the petitioner the testimony was to the effect that following an argument his wife had left their home at Atlantic City, New Jersey, where he was stationed in the United States Air Force and that he had learned that she had come to the home of the respondents in Danville, Kentucky. He stated that he had reason to believe that she was being unlawfully restrained. He had been frustrated in his efforts to communicate with her.

Ethel Mahaffey testified that she and her husband had known petitioner's wife in Japan while the Mahaffeys were stationed there and that in August Mrs. Alkofer had spent one night in their home and had been invited to dinner one day, but was not present in their home on November 24, 1964. She denied that they had ever exercised any restraint on the liberty of Misao Naruki Alkofer. She further said that she and her husband had arranged for Mrs. Alkofer to reside elsewhere and that she had been residing there since sometime in August 1964. Her whereabouts at the time of the hearing was not disclosed.

This proceeding is based on an alleged illegal restraint and raises the question of immediate right to the custody of Misao Naruki Alkofer. Implicit in the court's judgment of dismissal is a finding of no illegal restraint of Misao Naruki Alkofer by the respondents. The testimony of Ethel Mahaffey supports this finding and the judgment. There was a failure on the part of appellant on whom the burden rested to show any illegal restraint. Smith.v. Hoblitzell, Ky., 304 S.W.2d 923. But see 39 C.J.S. Habeas Corpus § 100a (1), page 667; 25 Am.Jur., Habeas Corpus, Section 150, page 247.

Judgment affirmed.